IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURT BELGROVE, | * | Civil Action No. JFM-11-1802 |
| Petitioner | * | |
| v. | * | |
| WARDEN | * | |
| Respondent | | |

******

## **MEMORANDUM**

Petitioner filed the instant "petition for post conviction relief." ECF No. 1. The motion was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to vacate his convictions entered by the United States District Court for the District of Massachusetts.

In this case, petitioner is collaterally attacking the validity of his conviction. As such, the proper vehicle by which to assert this challenge is a 28 U.S.C. §2255 motion. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). Accordingly, the petition will be construed as a Motion to Vacate, Set Aside or Correct sentence under §2255. A motion to vacate must be filed in the sentencing court, not the court in the jurisdiction wherein Petitioner is confined. *See* 28 U.S.C. § 2255; *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). For these reasons, the instant action shall be transferred to the United States District Court for the District of Massachusetts.

A separate Order shall be entered in accordance with this memorandum.

January 31, 2013_____       \_\_\_\_/s/_____
Date                                         J. Frederick Motz
                                             United States District Judge