UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURT BELGROVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 13-10210-FDS |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On June 22, 2011, petitioner Curt Belgrove, then an alien detainee housed at the county jail in Snow Hill, Maryland, filed a self-prepared petition for post-conviction relief in the District of Maryland. *See Belgrove v. Warden*, Civil Action No. JFM-11-1802 (D. Md. 2011). The District Court in Maryland initially opened the case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and not a motion to vacate, modify or correct sentence pursuant to 28 U.S.C. § 2255. In that petition, Belgrove challenged his criminal conviction in this District Court on various grounds, including a claim that he received ineffective assistance of counsel with respect to the failure to disclose the immigration consequences stemming from a plea to a felony drug conviction. *See United States v. Belgrove*, Criminal No. 01-10314-MLW.

About 18 months later, on January 31, 2013, Judge J. Frederick Motz issued a memorandum in the Maryland case finding that the proper vehicle for Belgrove to attack the validity of his criminal conviction was through a motion pursuant to 28 U.S.C. § 2255 filed in the sentencing court, not the jurisdiction in which he was confined. In light of that finding,

Judge Motz issued an order construing Belgrove's petition as a § 2255 motion and directing the transfer of the action to this court.

On February 4, 2013, this court received the transferred action from the District of Maryland and assigned the petition a new civil case number. This action originally was assigned to Judge Mark L. Wolf, as related to the underlying criminal case and the § 2255 motion pending before him. *See United States v. Belgrove*, Criminal No. 01-10314-MLW and *Belgrove v. United States*, Civil Action No. 11-11920-MLW.[1]

Previously, on June 29, 2011, Belgrove had filed a similar request for relief in the District of Maryland; however, that request took the form of a "Motion to Amend Final Order of Judgment." *See Belgrove v. Warden*, Civil Action No. JFM 11-1803 (D. Md. 2011). That motion was docketed in the District of Maryland as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and then transferred by Judge Motz into this court on January 17, 2012, after he construed that petition as a motion to vacate pursuant to § 2255. The case initially was assigned to Judge Denise J. Casper, but on January 25, 2012, the case was reassigned to Judge Wolf. *See Belgrove v. Warden*, Civil Action No. 12-10088-MLW.

Shortly after Belgrove filed his two petitions in the District of Maryland, he also filed a number of pleadings in this court seeking to attack his sentence. These included a motion to withdraw plea of guilty, a motion to reduce sentence, a motion for post conviction relief, a motion to vacate, set aside, or correct sentence under § 2255, and a petition for writ of coram nobis.

On October 28, 2011, Judge Wolf issued a memorandum and order construing Belgrove's

---

[1] For administrative and statistical purposes, § 2255 motions are routinely docketed in the petitioner's underlying criminal case and are also opened on the Court's dockets as a new civil action. Notwithstanding the opening of the new civil action as a shell, all subsequent filings are made in the criminal case until final resolution.

various motions for post-conviction relief as a single petition for relief under 28 U.S.C. § 2255, or, in the alternative, as a petition for writ of coram nobis (as it appeared that Belgrove had completed his criminal sentence). Pursuant to standard court administrative procedures, Judge Wolf directed that a new civil action be opened in the same manner as other motions pursuant to 28 U.S.C. § 2255. The matter was assigned as *Belgrove v. United States*, Civil Action No. 11-11920-MLW. The United States was directed to file a response to the § 2255 motion/petition for coram nobis. Since that time, a number of additional motions have been filed, and the matter is under advisement. On November 29, 2011, Judge Wolf directed the appointment of counsel for Belgrove, and on December 16, 2011, attorney Susan B. Church was appointed.[2]

**I.    Discussion**

In light of the current posture of Belgrove's 2255/coram nobis requests for post-conviction relief pending before Judge Wolf, the present petition for post-conviction relief appears to be substantively duplicative.

Accordingly, this Court will deny post-conviction relief and will dismiss this action.

**II.   Conclusion**

Based on the foregoing, it is hereby Ordered that:

1.    petitioner's request for post-conviction relief in this action is DENIED; and

2.    this action is DISMISSED.

**So Ordered.**

                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
Dated: November 6, 2013             United States District Judge

---

[2] To clarify, apart from the present action, the following cases are pending before this Court: (1) Belgrove's § 2255/coram nobis motion in *United States v. Belgrove*, Criminal No. 01-10314-MLW; (2) *Belgrove v. United States*, Civil Action No. 11-11920-MLW; and (3) *Belgrove v. United States*, Civil Action No. 12-10088-MLW.